NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARIS HOLLOWAY, | No. 18-56612 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-03867-CAS-JC |
| v. | |
| BARTMAN HORN; CITY OF PASADENA, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted September 1, 2020
Pasadena, California

Before: SILER,** BERZON, and LEE, Circuit Judges.

Plaintiff Paris Holloway brought suit under 42 U.S.C. § 1983, alleging that

defendants Bartman Horn and Pasadena are liable for the use of excessive force

against him. Horn and Pasadena appeal the denial of their motion for summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

judgment on qualified immunity. Taking the facts in the light most favorable to Holloway, there is sufficient evidence to show a violation of his clearly established Fourth Amendment rights. We therefore affirm the denial of the motion.

1. On a qualified immunity motion for summary judgment, "[w]here the district court has determined the parties' evidence presents genuine issues of material fact, such determinations are not reviewable on interlocutory appeal." *Ames v. King County*, 846 F.3d 340, 347 (9th Cir. 2017). So, to the extent Appellants argue "only that the evidence is insufficient to raise a genuine issue of material fact," we have no jurisdiction to review the district court's determination to the contrary. *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021).

"If the defendant's appeal raises purely legal questions, however, such as whether his alleged conduct violated clearly established law, we may review those issues." *Id.* But appellants' reliance on *Heck v. Humphrey*, 512 U.S. 477 (1994), to bind Holloway to specific facts as a matter of law also raises an unreviewable issue. The district court held that *Heck* does not bar Holloway's § 1983 claim. We have no jurisdiction in this interlocutory appeal to review that holding. *See Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000) ("*Cunningham I*"); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th. Cir 2002) ("*Cunningham II*") (recognizing *Cunningham I*'s holding).

The district court found genuine issues of material fact as to "whether

Officer Horn shot plaintiff in the back while he was attempting to surrender," based on disputed testimony as to the timing and distance traveled between Holloway throwing the gun and the shooting, as well as whether Horn saw Holloway throw the gun. In arguing that *Heck* requires that some of the facts favoring Holloway may not be considered, Appellants are necessarily questioning the district court's conclusions that *Heck* does not apply to this claim and that there is sufficient evidence to raise a genuine dispute as to material facts. Attempting to avoid one jurisdictionally barred argument (*Heck*) with another one (whether there are genuine issues of disputed facts) does not change the conclusion that we have no jurisdiction over either contention.

2. Relying on the facts and inferences therefrom that favor the plaintiff, *see Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017), Horn on the present record is not entitled to qualified immunity as a matter of law. We ask two questions when determining whether an officer is entitled to qualified immunity: "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Estate of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1005 (9th Cir. 2017) (quoting *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014)).

On Holloway's facts, he was shot ten seconds after, and fifteen to twenty feet away, from where he tossed his gun over a fence; when shot, he was raising

his empty hands and going to the ground in surrender. In addition to these facts, Horn's statements to the two officers who arrived on the scene after the shooting support an inference that Horn knew that Holloway had thrown the gun before he was shot and where it had landed. On these alleged facts, Holloway was shot when he posed no threat and was not attempting to resist or evade arrest. Based on Holloway's version of events, Horn's use of deadly force in these circumstances was unreasonable, and therefore a constitutional violation.

Appellants suggested at oral argument that it was reasonable for Horn to believe Holloway posed a threat because he may have been armed with a second gun. But there is no evidence at all in the record of a second gun and none that Horn feared there was. Shooting Holloway based on an entirely unsubstantiated fear that he had a second gun would in any event have been unreasonable.

As to the second, clearly established law prong of qualified immunity, this Court recently held that it was clearly established law in September 2013 that "an officer may not shoot a previously armed person who no longer posed a threat." *Lam v. City of Los Banos*, 976 F.3d 986, 1000–03 (9th Cir. 2020) (citing earlier cases so holding). In *Lam,* the Court denied qualified immunity to an officer who fired twice at a person who had stabbed him with a pair of scissors, where, at the time of the second shot, the person was not approaching the officer with a weapon and posed no threat. *Id.* at 999. The shooting in *Lam* took place a little more than a

4

month before the incident at issue here. *Id.* at 991–92. "When a case involves analogous conduct that occurred around the same time as the underlying incident in the matter before us, and the case holds that the conduct at issue there violated clearly established law, then that case may indicate that the claim for qualified immunity presently before us should likewise be rejected." *Id.* at 1001–02 (citing *Curnow ex rel. Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 & n.\*\*\* (9th Cir. 1991)).

Taking the facts and inferences here in the light most favorable to Holloway, at the time of the shooting, Horn had seen Holloway throw his gun over the fence and knew that Holloway was unarmed. Holloway—who, unlike the plaintiff in *Lam*, had not previously injured anyone—contends that Horn fired approximately ten seconds later, when he had no weapon and no longer posed a threat. *See also Lopez*, 871 F.3d at 1010–11 (rejecting summary judgment where a suspect who was carrying what appeared to be an AK-47 turned, without pointing the gun, toward the officer who shot him); *Curnow*, 952 F.2d at 325 (rejecting summary judgment when, on the plaintiffs' facts, he was shot by police while holding a gun, but was not facing the officers or pointing the gun at them). Under *Lam* and the cases on which it relied, that shooting was a violation of clearly established Fourth Amendment law.

As to the possibility of a second gun, our precedent clearly establishes that

5

firing on someone who makes no "furtive movement, harrowing gesture, or serious verbal threat" that would give rise to an "immediate threat" to the safety of the officer or others is unreasonable, even where the defendant *is* still armed with a deadly weapon. *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013). From the facts before us, a jury could find that Holloway was raising his hands and going down to the ground to surrender when he was shot, and thus did not pose an "immediate threat" to Horn even if he had a hidden second gun—which there is no evidence that he did or that Horn had reason to think he did.

Appellants are therefore not entitled to qualified immunity on Plaintiff's Fourth Amendment claim.

**AFFIRMED.**